UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:	Case No. 19-47401

ABREN HULSTON BOUGARD, JR.,	Chapter 13
and
DORTHUELLA BOUGARD,	Judge Thomas J. Tucker

          Debtors.
_____/

# ORDER DENYING, WITHOUT PREJUDICE, MOTION TO ALLOW JOINT DEBTOR, DORTHUELLA BOUGARD, TO ACT ON DEBTOR ABREN HULSTON BOUGARD, JR.'S, BEHALF IN THE ADMINISTRATION OF THE PENDING CHAPTER 13 CASE

This case is before the Court on a motion entitled "Motion to Allow Joint-Debtor, Dorthuella Bougard, to Act on Debtor, Abren Hulston Bougard, Jr.'s, Behalf in the Administration of the Pending Chapter 13 Case" (Docket # 60, the "Motion"). The Motion seeks "an order permitting [the Debtor Dorthuella Bougard] to act on the Debtor, Abren Hulston Bougard, Jr.'s, behalf in the administration of the Chapter 13." (*Id.*) The Debtor Abren Hulston Bougard, Jr. "passed away on March 11, 2021." (*Id.* at ¶ 2.)

The Motion must be denied, because it was not filed by or on behalf of anyone with standing to seek the relief sought. The Motion was filed by the Debtor Dorthuella Bougard, but the Motion does not show that Dorthuella Bougard has standing or authority to file a motion on behalf of the deceased debtor.

Only a personal representative duly appointed by the probate court under the laws of the State of Michigan may file a motion seeking relief on behalf of the deceased Debtor, Abren Hulston Bougard, Jr. *See In re Beach*, No. 20-47886, 2022 WL 1446748 (Bankr. E.D. Mich. May 6, 2022); *In re Pack*, 634 B.R. 738, 739 (Bankr. E.D. Mich. 2021); *In re Hamilton*, 274 B.R. 266, 267 (W.D. Tex. 2001) (citing *In re Lucio,* 251 B.R. 705, 708-09 (Bankr. W.D. Tex. 2000)) ("[W]hen a debtor dies, the only person who can then appear on the debtor's behalf is the person so named as the official representative of the probate estate of the debtor."); Mich. Comp. Laws Ann. § 700.3103 (stating, in relevant part, that "[e]xcept as otherwise provided in article IV, to acquire the powers and undertake the duties and liabilities of a decedent's personal representative, a person must be appointed by the register or by court order, must qualify, and must be issued letters"); Mich. Comp. Laws Ann. § 700.3703(3) (stating that "[e]xcept as to a proceeding that does not survive the decedent's death, a personal representative of a decedent domiciled in this state at death has the same standing to sue and be sued in the courts of this state and the courts of another jurisdiction as the decedent had immediately prior to death").

The Motion does not allege or demonstrate that Dorthuella Bougard is the personal representative of the deceased Debtor Abren Hulston Bougard, Jr.

Accordingly,

IT IS ORDERED that the Motion (Docket # 60) is denied.

IT IS FURTHER ORDERED that this Order is without prejudice to the right of a duly appointed personal representative of the deceased Debtor to file a motion seeking the same relief that was sought by the present Motion. The Court expresses no view, at this time, about the merits of any such potential future motion.

**Signed on November 15, 2022**



/s/ Thomas J. Tucker
**Thomas J. Tucker**
**United States Bankruptcy Judge**